**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LUIS CALVILLO, individually and on behalf of all others similarly situated** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO.** 5:15-cv-01165-FB |
| **J&M TANK LINES, INC.** | § § | |
| **Defendant.** | § § § | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' RULE 12(b)(6) MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED
AND RULE 12(f) MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

## SUMMARY

This is an overtime collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the FLSA). Defendant ("J&M"), who is Plaintiff's former employer, set forth 22 enumerated affirmative defenses in their Answer. Several of J&M's affirmative defenses are either insufficiently pleaded or unavailable to them as a matter of law. In its prayers, Defendant also asks to the Court to award attorney's fees and costs. However, J&M is not entitled to such even in the unlikely event that Plaintiff does not prevail. The Court should, therefore, strike and/or dismiss these matters from Defendants' pleadings.

## ARGUMENT AND AUTHORITY

### 1.    PROCEDURAL BACKGROUND

Luis Calvillo filed his Original Complaint on December 29, 2015. Dkt. No. 1. Defendant filed its Answer on March 14, 2016. Dkt. No. 14. In its Answer, Defendant sets forth the following improper affirmative defenses:

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted and should be dismissed on that basis.

5. Plaintiff's claim(s), and those of the putative class he seeks to represent, may be barred in whole or in part by laches, waiver, estoppel and/or ratification.

10. Plaintiff's claims are barred to the extent Plaintiff misrepresented to or concealed from Defendant the number of hours he actually worked.

12. Plaintiff's claims are barred, in whole or in part, by the doctrines of set off, recoupment, payment, and/or accord and satisfaction.

13. Plaintiff is not entitled to relief under the FLSA because he has already been paid for all hours worked.

14. Plaintiff's pay was in compliance with the overtime requirements of the FLSA and applicable regulations.

16. Defendant acted in good faith and did not violate any rights owed to Plaintiff under the FLSA or under any other federal, state or local laws, rules, regulations or guidelines.

Dkt. No. 6, p. 1-2. As set out more fully below, Defendants' affirmative defenses and their requests for attorneys' fees and costs should be stricken and/or dismissed.

2.      **STANDARD OF REVIEW**

   *A.      The Pleading Standards Under Rule 8*

"An affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). The *Woodfield* standard for pleading affirmative defenses was "fair notice," the standard for pleading the complaint at the time. *Herrera v. Utilimap Corp.*, 2012 WL 3527065, *2 (S.D.Tex. Aug. 14, 2012)(citations omitted) In 2007, the Supreme Court heightened the pleading standard to require "'enough facts to state a claim for relief that is plausible on its face'" in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The *Twombly* standard does not require "detailed factual

allegations" but does require sufficient facts to indicate the "'plausibility'" of the claims asserted and to raise the "'right to relief above the speculative level.'" *Utilimap Corp.*, 2012 WL 3527065, *2 (quoting *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009)). Particularly since Iqbal, a majority of courts have applied the heightened *Twombly/Iqbal* "plausibility" standard to affirmative defenses. *Utilimap Corp.*, 2012 WL 3527065, *2 (citations omitted).

Rule 12(f) of the Federal Rules of Civil Procedure permits the district court to strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f). The Court has broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir.1979); Berry v. Lee, 428 F.Supp.2d 546, 563 (N.D.Tex.2006). "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir.2013); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir.1982) ("Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law."). The issue is whether the pleading is sufficient to 'identify the affirmative defense in question' and provide notice of its basis." *Tran v. Thai*, 2010 WL 723633 at *1 (S.D. Tex. Mar. 1, 2010) (Rosenthal, J.) (quoting *Woodfield*, 193 F.3d at 362).

Accordingly, an affirmative defense that does not meet the pleading requirements of Rule 8(a) may be stricken pursuant to a 12(f) motion.

### B.    The Rule 12(b)(6) Standard

Courts handle the dismissal of an affirmative defense (for *Twombly/Iqbal* pleading deficiency) under the failure to state a claim framework of Rule 12(b)(6). *Vargas v. HWC*

*General Maintenance, LLC,* 2012 WL 948892, *2-3 (S.D.Tex. Mar. 20, 2012). Dismissal is proper if a party fails "'to state a claim upon which relief can be granted.'" *Vargas,* 2012 WL 948892 at *3 (quoting FED. R. CIV. P. 12(b)(6)). A defendant's pleadings need not contain detailed allegations but must set forth enough facts to state a defense that is "'plausible on its face.'" See, *Vargas*, 2012 WL 948892 at *3 (quoting *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678).

A pleading has facial plausibility when it contains factual content that allows the court to draw the reasonable inference that the alleged conduct occurred. See, *Vargas*, 2012 WL 948892 at *3 (quoting *Iqbal*, 556 U.S. at 678). The plausibility standard is not akin to a probability requirement but it asks for more than a sheer possibility that the plaintiff acted as alleged. See, *Vargas*, 2012 WL 948892 at *3 (quoting *Twombly*, 550 U.S. at 556). "[T]hreadbare recitals of the elements" of an affirmative defense, supported by mere conclusory statements, do not suffice. See, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Accordingly, an affirmative defense that pleads no supporting facts and therefore does not give the plaintiff fair notice of the defense being asserted, may be dismissed pursuant to a 12(b)(6) motion.

3.    **11 DEFENSES SHOULD BE STRICKEN UNDER RULE 12(f) OR DISMISSED UNDER RULE 12(b)(6)**

   A.    ***Defendants' Failure To State A Claim Defense Does Not Satisfy Rule 8's Pleading Requirements***

A defendant must plead an affirmative defense with enough specificity or factual particularity to afford the plaintiff "fair notice" of the defense that is being advanced. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir.1999).  J&M's First and Second affirmative defenses

assert that Plaintiff has "failed to state a claim upon which relief can be granted" Dkt. No. 6, p. 10. But J&M has not pleaded any facts to support its "failure to state a claim" affirmative defense.

Given the extreme number of defenses this broad language may entail, the defense lacks sufficient particularity to provide Mr. Rychorcewicz with "fair notice" of the specific defense being advanced. In *E.E.O.C. v. Courtesy Bldg. Servs., Inc*., the court struck an identical "failure to state a claim" defense on the grounds that the employer—like Defendant in this action— pleaded no facts to identify the specific basis of the defense. No. 3:10-cv- 1911-D, 2011 WL 208408, at *3 (N.D.Tex. Jan. 21, 2011) (Fitzwater, J.) ("The EEOC moves to strike defense #1, in which [defendant] alleges that EEOC has failed to state a claim on which relief can be granted, contending it does not satisfy Rule 8(a). The Court agrees, concluding that the defense as pleaded does not comply with Woodfield…")*. See also LaSalle Bank Nat'l Ass'n v. Paramont Props*., 588 F.Supp.2d 840, 860-61 (N.D. Ill. 2008) (citing cases).

Based on the foregoing, the Court should strike J&M's First Affirmative Defense pursuant to Fed. R. Civ. P. 8(a).

**B.      *Defendants' Laches, Ratification, Accord And Satisfaction, Waiver, And Release Defenses Are Threadbare Recitals Without Any Factual Particularity***

Defendant pleads defenses that are devoid of any factual support whatsoever in its Fifth, Tenth, Twelfth and Thirteenth Defenses. Defendant states that Plaintiff's claims are barred "to the extent Plaintiff misrepresented to or concealed from Defendant the number of hours he actually worked." Dkt. No. 6, p. 11.  Mr. Calvillo's claims are also barred by the doctrines of "laches, waiver, estoppel and/or ratification" and "set off, recoupment, payment, and/or accord

and satisfaction"; as well as "because [Plaintiff] has already been paid for all hours worked." *Id*., p. 10, 11.

In some cases, "merely pleading the name of the affirmative defense. . .may be sufficient." *Woodfield*, 193 F.3d at 362. However, that is not the case for the defenses J&M has asserted. Their failure to plead any facts is particularly telling because these defenses are generally inapplicable to FLSA claims. Generally, "FLSA rights cannot be abridged by contract or otherwise waived." *Barrentine v. Arkansas-Best Freight System,Inc.*, 450 U.S. 728, 740 (1981); *see also Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. Of Labor, Emp't Standards Admin*., *Wage and Hour Div*., 679 F.2d 1350, 1352 (11th Cir.1982); *Beard v. D.C. Hous. Auth*., 584 F.Supp.2d 139, 142 (D.D.C.2008); *Brooklyn Sav. Bank v. O'Neill*, 324 U.S. 697, 706 (FLSA does not permit employee to waive statutory wages and liquidated damages); *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, at *3 (S.D.Fla. July 31, 2009) (noting the "doctrines of waiver, estoppel, laches, and accord and satisfaction, however, are generally not applicable to FLSA claims" and striking those defenses) (collecting cases).

Additionally, the Fifth Circuit Court of Appeals recently clarified that a setoff/offset defense is not available in a FLSA action. *Martin v. PepsiAmericas, Inc*., 628 F.3d 738 (5th Cir. 2010). In *Martin*, the court reiterated that setoffs are strictly prohibited in FLSA actions, unless the money being set off is wages that the defendant pre-paid to the plaintiff and the setoff does not result in the plaintiff receiving wages below the federal minimum wage rate. 628 F.3d 738, 742 (5th Cir. 2010). Should the Court find that the Twelfth and Thirteenth Defenses may not be stricken, they should still be dismissed for failure to properly plead. In the present matter, Defendants support their defenses with no facts whatsoever and have not identified any

particular pre-payments to Mr. Calvillo, any debt or obligation that he allegedly owes them, or any other matter to support an offset/setoff defense in this action.

J&M's Fifth, Tenth, Twelfth and Thirteenth Defenses do not contain any factual basis whatsoever. Without any factual assertions suggesting how Plaintiff has allegedly misrepresented or concealed the hours he worked, any debt he owes to Defendant, or any prior settlement agreement as to his overtime claims, the defenses fail to state a "plausible claim for relief." A mere recitation of defenses does not provide the plaintiff with "fair Notice" of the defenses being advanced. [1] Texas District Courts have routinely stricken similar affirmative defenses when they are unaccompanied by factual particulars.[2]

Consequently, this Court should strike Defendant's Fifth, Tenth, Twelfth and Thirteenth Affirmative Defenses under Rule 12(f) or dismiss them under Rule 12(b)(6).

### C.     Defendants' Good Faith Defenses Contain No Factual Support

A threadbare recital of the elements of an affirmative defense is insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Without any factual support whatsoever, as its Fourteenth and Sixteenth Affirmative Defense, J&M alleges that Plaintiff's pay "was in

---

[1] *See E.E.O.C. v. Courtesy Bldg. Servs., Inc*., 2011 WL 208408, at *3 (citing cases); *Mehler Texnologies, Inc. v. Monolithic Constructors, Inc*., No. 3:09-cv-655-M, 2010 WL 850614, at *3 (N.D.Tex. Mar. 11, 2010) (Lynn, J.) (striking unclean hands, offset, and estoppel affirmative defenses); *Software Publishers Assoc*., 2007 WL 2325585, at *2 (striking unclean hands and estoppel affirmative defenses); *TracFone Wireless, Inc. v. King Trading, Inc.*, No. 3:08-cv-0398-B, 2008 WL 4826035, at *1-2 (N.D.Tex. Nov. 6, 2008) (Boyle, J.) (striking unclean hands and estoppel affirmative defenses); T-*Mobile USA, Inc. v. Wireless Exclusive USA, LLC*, No. 3:08-cv-0340-G, 2008 WL 2600016 (N.D. Tex. July 1, 2006) (Fish, J.) (striking unclean hands affirmative defense).

[2] *See, e.g., Software Publishers Assoc. v. Scott & Scott LLP*, No. 3-06-cv-0949-G, 2007 WL 2325585, at *2 (N.D.Tex. Aug. 15, 2007) (Fish, J.) (striking affirmative defenses of waiver, estoppel, ratification, laches and unclean hands); *Utrera v. Kraftsmen Bakers Ltd.,* 2013 WL 6176577 *2 (S.D. Tex. Nov. 25, 2013)(Smith, S.) (striking ratification/waiver defense because defendant did not provide enough information to overcome the presumption that plaintiff could not have waived their FLSA rights).

compliance with the overtime requirements of the FLSA and applicable regulations" and that it "acted in good faith." Dkt. No. 6, p. 11.

Defendant recites the elements of the FLSA's "good faith" defense but does not identify any efforts it undertook to ascertain the FLSA's requirements. *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir. 1979)(good faith requires an investigation into the FLSA's requirements). While the Seventh Affirmative Defense states that Defendants acted "in conformity with a reliance on an administrative regulation, order, ruling, approval, interpretation, or practice of the United States Department of Labor," they fail to state how they (subjectively) interpreted the FLSA or why their interpretation is (objectively) reasonable. *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003).

In sum, Defendants' conclusory assertions of "good faith" are insufficient to make this "defense" plausible. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The Court should strike the defense under Rule 12(f) for failure to properly plead, or dismiss these defenses under Rule 12(b)(6).

> ### D.   *Defendants' Request For Attorneys' Fees and Costs Is Improper As A Matter of Law*

Finally, in their prayers, Defendants request that the Court award them their attorneys' fees and costs incurred in this action. Dkt. No. 6, p. 12. FLSA defendants may not recover attorneys' fees or costs even when they prevail. *San Antonio Metro. Transit Auth. v. McLaughlin*, 684 F.Supp. 158, 162 (W.D.Tex. 1988)("Where there is 'no statutory ambiguity, the court may not consider the legislative history or other rules of construction in aid' of statutory interpretation. The statute at issue in this case, 29 U.S.C. § 216(b), is clear. Plaintiffs are entitled to their attorney's fees and costs when they recover from an employer who has been found to

have violated §§ 206, 207, or 215(a)(3) of the FLSA.")(internal citations omitted; emphasis in original). Defendants "[are] not entitled to [their] attorney's fees and costs pursuant to that provision." *Id*. (editor's brackets added). The Court should strike J&M's request for attorneys' fees and costs under Rule 12(f).

## CONCLUSION

Defendant's affirmative defenses either lack sufficient factual pleading to make them plausible or are outright unavailable in this FLSA action. As more particularly described herein, the Court should, therefore, grant Plaintiffs' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief may be Granted and Rule 12(f) Motion to Strike Defendants' Affirmative Defenses.

Respectfully submitted,

TRAN LAW FIRM L.L.P.

/S/Trang Q. Tran
Trang Q. Tran
Federal I.D. 20361
Texas Bar No. 00795787
Alecia D. Best
Federal I.D. 2591730
Texas Bar No. 24092129
9801 Westheimer Rd., Suite 302
Houston, Texas 77042
(713) 223-8855 Telephone
(713) 623-6399 Facsimile
**ATTORNEYS FOR PLAINTIFF &
CLASS MEMBERS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on Tuesday, March 22, 2016 in the following manner to:

**V<small>IA</small> ECF N<small>OTIFICATION</small> & F<small>ACSIMILE</small>**

Joseph W. Gagnon
FISHER & PHILLIPS LLP
333 Clay Street, Suite 4000
Houston, TX 77002
Tel: (713) 292-0150
Fax: (713) 292-0151
jgagnon@laborlawyers.com
**ATTORNEY FOR DEFENDANT**

/s/ Trang Q. Tran
Trang Q. Tran